IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                         PLAINTIFF

VS.                             CASE NO. 4:12-cr-40033-001

ALFREDO ESTRADA-RANGEL                                                            DEFENDANT

## ORDER

Before the Court is Defendant Alfredo Estrada-Rangel's Motion to Suppress (ECF No. 16). In the motion, Defendant seeks suppression of statements made by him during his initial interview by Homeland Security Investigations ("HSI") agents at the John W. Turk, Jr. Power Plant in Fulton, Arkansas on the grounds that the statements were obtained in violation of his Fifth Amendment and *Miranda* rights. The government has responded to the motion. (ECF No. 18).

In lieu of the jury trial set for November 27, 2012, the parties appeared before the Court for a hearing on the motion. After hearing testimony and arguments by the parties, the Court makes the following findings of fact and conclusions of law.

## FACTUAL FINDINGS

On September 21, 2012, various HSI agents and local law enforcement officers went to the John W. Turk Jr. Power Plant in Fulton, Arkansas to determine the alienage of several employees at the plant and to investigate the possible theft and/or fraudulent use of identification by these employees. Upon arrival at the site, the agents requested that they be allowed to speak to five specific individuals, including the Defendant Alfredo Estrada-Rangel. Four of the requested individuals were located and brought to a room in a modular building on site where twelve agents/officers were waiting. Once in the room, Defendant was separated from the group and placed in another room with HSI Agent Rick Petrie

and Officer Tommy Stewart of the South Central Arkansas Drug Task Force. The agents/officers identified themselves to Defendant and began questioning him regarding his alienage and identification. Defendant was not informed that he was free to leave and/or that answering the agent's questions was voluntary. He was not advised of his *Miranda* rights.

During this questioning, Defendant stated that his name was Dennis Romero and that he was a citizen of Puerto Rico. The agents then asked Defendant for identification, at which time, he admitted to being a Mexican citizen and being in this country illegally. Defendant was then placed under arrest and transported to the HSI field office in Texarkana, Arkansas for processing.

On October 11, 2012, a grand jury in and for the United States District Court for the Western District of Arkansas, Texarkana Division, filed a 1 count Indictment against the Defendant alleging that he made materially false, fictitious and fraudulent statements to a Homeland Security Investigations Special Agent, in violation of Title 18 U.S.C. § 1001. This charge is based upon the statements made by Defendant during his initial questioning by Agent Petrie and Officer Stewart on September 21, 2012. Thereafter, on November 12, 2012, Defendant filed the pending Motion to Suppress. In the motion, Defendant requests that his statements made during his initial interview with HSI agents be suppressed.

## CONCLUSIONS OF LAW

Law enforcement officers are not required to administer *Miranda* warnings to everyone they question. Rather, *Miranda* protections only apply to an interrogation when a suspect is in custody. *United States V. LeBrun,* 539 F.3d 916, 922 (8th Cir. 2008)(quoting *Miranda v. Arizona,* 384 U.S. 436 (1966)). Therefore, the question before the Court is whether Defendant's initial questioning by the agents/officers was a custodial interrogation.

For a person to be in custody for *Miranda* purposes, it must be such that a reasonable person in his position would not have felt free to terminate the interrogation and leave. *United States v. Cowan,*

2

674 F.3d 947 (8th Cir. 2012). There are six factors the Court must consider in determining whether a suspect is in custody for *Miranda* purposes: 1) whether the police told the suspect that the questioning was voluntary and that he was free to leave; 2) whether the suspect's movement was restrained during questioning; 3) whether the suspect initiated the contact with authorities or voluntarily acquiesced; 4) whether strong-arm tactics or strategies were employed; 5) whether the atmosphere of the questioning was police-dominated; and 6) whether the suspected was placed under arrest at the end of the questioning. *Id.*

In this case, the Defendant was not told that his questioning was voluntary and/or that he could leave. Defendant's movement was restrained by being separated from the group and placed in another room with two officers for questioning. The atmosphere was police-dominated due to the fact that Defendant was initially taken to a building and placed in a room with no less that twelve agents and law enforcement officers. And, Defendant was arrested at the end of questioning. Under these circumstances, the Court believes that a reasonable person in the Defendant's position would not have felt free to terminate the questioning and leave. Therefore, the Court finds that the Defendant was in custody during his initial questioning by agents.

The next determination the Court must make is whether the questioning at issue was in fact an interrogation for *Miranda* purposes. Questioning becomes an interrogation under *Miranda* if it is reasonably likely to elicit incriminating information. *Id.* A *Miranda* interrogation does not include requests for routine information necessary for basic identification. It does, however, apply when the government agent should reasonably be aware that the information sought is directly relevant to the substantive offense charged. *Id.*

In this case, the agents were not only questioning Defendant's alienage. They were conducting an investigation regarding identity theft and had specifically targeted the Defendant and four other

3

individuals. The agents should have been aware that the information they sought from the Defendant was reasonably likely to elicit incriminating information regarding the theft of Dennis Romero's identity and that it would be directly relevant to the offense for which Defendant was charged–making a false and fraudulent statement to a HSI agent. Thus, Defendant's initial questioning by HSI agents/officers was an interrogation for *Miranda* purposes.

The initial questioning of Defendant Alfredo Estrada-Rangel was a custodial interrogation under *Miranda.* He was not advised of his constitutional rights under the Fifth Amendment and no warning was given. Thus, the Court finds that the statements made by the Defendant during his initial questioning at the John W. Turk, Jr. Power Plant on September 21, 2012, should be suppressed.

## CONCLUSION

Accordingly, the Defendant's Motion to Suppress is hereby **GRANTED**. The statements made by the Defendant during his initial questioning at the John W. Turk, Jr. Power Plant on September 21, 2012, are hereby suppressed. The trial of this matter originally scheduled for November 27, 2012, is hereby reset to commence at 9:00 a.m. on January 14, 2013 at the United States Post Office and Courthouse, Texarkana, Arkansas.

IT IS SO ORDERED, this 5th day of December, 2012.

                                                     /s/Susan O. Hickey
                                                     Hon. Susan O. Hickey
                                                     United States District Judge